*Formatted for Electronic Distribution*                                    *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:

**Robert B. Osmond**

**Debtor.**

Filed & Entered
On Docket
May 10, 2010

**Chapter 13 Case**
**# 10-10211**

## ORDER
### APPROVING AMENDED MEANS TEST FORM AND GRANTING CONFIRMATION

WHEREAS on February 19, 2010, the Debtor filed the petition initiating the instant chapter 13 case and a chapter 13 plan (doc. ## 1, 2), and confirmation hearing was set for April 8, 2010; and

WHEREAS prior to the hearing the Chapter 13 Trustee filed a preliminary report recommending that confirmation of the plan be denied, based inter alia upon the Debtor's failure to pay into the plan for the benefit of general unsecured creditors the sum so required by Form 22C (the "means test"); and

WHEREAS on April 8, 2010, the Debtor filed an amended means test (doc. # 17) that increased the "Other Necessary Expenses" set forth on lines 30, 31, and 32 (namely, for taxes, mandatory deductions for employment, and life insurance), and as a result of these changes the Chapter 13 Trustee modified his position at the confirmation hearing, concluding that in light of the amended means test the proposed plan payment and proposed dividend to unsecured creditors were sufficient; and

WHEREAS the Court raised a question with respect to the propriety of the Debtor's expense for taxes on the amended means test because Debtor's counsel stated at the confirmation hearing that the sum claimed on line 30 of the amended means test form was the amount the Debtor should have been paying each month for taxes, but the actual amount he had paid during the means test period was zero; and

WHEREAS the Court directed the Debtor to file a memorandum of law in support of his tax expense deduction on the amended means test and offered the Trustee an opportunity to file one as well; and

WHEREAS the Court found that the Debtor's plan could be confirmed if this means test tax expense issue was resolved in the Debtor's favor, and took that question under advisement; and

WHEREAS on April 22, 2010, the Debtor filed a memorandum of law; and

WHEREAS the Trustee opted not to file a brief on this issue;

THE COURT FINDS, after taking into consideration the record in this case, the memorandum of law filed by the Debtor, and the case law pertinent to this issue, that the amended means test is proper.

THE COURT FINDS in particular that the Debtor's deduction for the taxes that the Debtor actually incurred during the means test period, rather than the taxes he paid during that period, complies with the requirements of the means test form and the Bankruptcy Code and is consistent with the guidelines issued by the United States Trustee.[1] See In re Baldwin, 2008 U.S. Dist. LEXIS 98352, *6–9, 2008 WL 5115238, *2–3 (N.D.N.Y. Dec. 3, 2008); see also In re Balcerowski, 353 B.R. 581, 588 (Bankr. E.D. Wis. 2006).

IT IS THEREFORE ORDERED that the amended means test is deemed proper and correct; and

IT IS FURTHER ORDERED that the Chapter 13 Trustee may file an order confirming plan consistent with the findings made at the confirmation hearing and in this order; and

IT IS FURTHER ORDERED that if that order is entered by May 12, 2010, then the continued confirmation hearing set for May 13, 2010 shall be canceled.

SO ORDERED.

May 10, 2010  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[1] A copy of the United States Trustee guidelines upon which the Court relies is attached as Appendix 1, and may also be found on that agency's website.

2

# STATEMENT OF THE U.S. TRUSTEE PROGRAM'S POSITION ON LEGAL ISSUES ARISING UNDER THE CHAPTER 13 DISPOSABLE INCOME TEST

Following is a line-by-line summary of Form 22C and various recurring disposable income issues likely to arise in chapter 13 under the BAPCPA provisions of 11 U.S.C. § 1325(b). The summary gives the position of the United States Trustee Program (USTP) on these issues. For ease of reference, the USTP positions are listed in summary fashion without citation to legal authority. The referenced lines are those on the Form 22C. Unless a circuit court has decided an issue to the contrary, United States Trustees should maintain these positions when interpreting section 1325(b).

Many of the issues listed below are identical to issues arising in the chapter 7 means test under 11 U.S.C. § 707(b). However, several of the issues below are unique to the chapter 13 disposable income test. The USTP positions listed below reflect an intent to harmonize the chapter 7 means test with the chapter 13 disposable income test for above-median debtors.

---

**Line 2, Gross wages, salary, tips, bonuses, overtime, commissions**.

- Includes pay/shift differentials.
- Includes income, whether or not taxable.
- Figures are gross amounts, before any deductions.

**Lines 3 & 4, Business and real property income and expenses**.

- Must be "ordinary and necessary," i.e., a reasonable operating expense.
- Depreciation is not included.
- Line "c" cannot be a negative number.

**Line 5, Interest, dividends, and royalties**.

- Includes automatic dividend reinvestment program.

**Line 6, Pension and retirement income**.

- Does not include Social Security payments.
- Include all other retirement, including government, 401(k), and IRA.

**Line 7, Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support**.

- Includes payments made monthly, quarterly, or annually.
- Includes payments regardless of written agreement with contributor.
- Includes payments from roommate, partner, parent, or relative, regardless of whether living with debtor.
- Includes payments made directly to creditors on behalf of debtor, e.g., rent, car,

Page -1-

insurance, or tuition.
- Does not include payments from non-filing spouse (which are already included as income in Column B).

### Line 8, Unemployment compensation.

- Unemployment compensation is not a "benefit under SSA" and should be included; USTP opposes any entry in the boxes to the left of Columns A and B.

### Line 9, Income from all other sources.

- Includes net gambling, cash gifts, litigation proceeds, and trust income.
- Includes private disability income.
- Does not include SSA benefits.
- Does not include tax refunds.
- Does not include loan proceeds.
- Whether it meets IRS test for income could be relevant, but whether it is taxable income or non-taxable income is not a factor.

### Line 13, Marital adjustment.

- For purposes of determining the "applicable commitment period," section 1325(b)(4) refers to the income of "the debtor and debtor's spouse combined." By using line 13, a debtor contends that the income of a spouse should not be included as chapter 13 income in a non-joint case for purposes of determining the applicable commitment period. The USTP position is to oppose any amount listed on line 13.

### Line 16, Applicable median family income.

- "Applicable state" is state of residence at filing.
- If married and two different households, residence is where most family members reside.
- If no plurality of family members are in any one state, use state of spouse with highest income.
- "Household size" is the debtor, debtor's spouse, and any dependents that the debtor could claim under IRS dependency tests. The USTP uses the same IRS test for the definition of both "household" and "family." IRS Publication 501 explains the IRS tests for "dependent."
- The USTP departs from the IRS dependent test (as does the IRS when it determines family size for collection purposes) in cases justifying "reasonable exceptions" (e.g. a long standing economic unit of unmarried individuals and their children). However, if an individual is counted as a family member for median income purposes, that individual's income should be included as income on Part I of Form 22C.

**Line 17, Application of § 1325(b)(4).**

- The USTP has not adopted a position on whether the "applicable commitment period" is a "length of time" or "multiplier."

**Line 19, Marital adjustment.**

- All income of the non-debtor spouse should be included, except the following expenses of the non-debtor spouse may be excluded:
  - withholding taxes;
  - student loan payments;
  - prior support obligations;
  - debt payments on which only the non-filing spouse is legally liable and where the consideration for the loan exclusively benefit the non-filing spouse.
- A car payment on the non-debtor spouse's car cannot be excluded if the car is counted as a family car for the purpose of lines 28 and 29.

**Line 24A, National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.**

- The following expenses are covered by the National Standards and may not be counted separately elsewhere:
  - apparel and services (includes shoes and clothing, laundry and dry cleaning, and shoe repair);
  - meals at home or away (unless unreimbursed business expenses);
  - housekeeping supplies (includes laundry and cleaning supplies; other household products such as cleaning and toilet tissue, paper towels and napkins; lawn and garden supplies; postage and stationary; and other miscellaneous household supplies);
  - personal care products and services (includes hair care products, haircuts and beautician services, oral hygiene products and articles, shaving needs, cosmetics, perfume, bath preparations, deodorants, feminine hygiene products, electric personal care appliances, personal care services, and repair of personal care appliances)
  - miscellaneous personal expenses.
- National Standard amount that may be claimed is based on the debtor, the debtor's dependents, and the debtor's spouse in a joint case if the spouse is not otherwise a dependent.

**Line 24B, National Standards: health care.**

- National Standard amounts may be claimed based on debtor, debtor's dependents, debtor's spouse, and the age of household members.
- Actual mounts expended by the debtor exceeding the National Standards that are

Page -3-

required for the health and welfare of the debtor, debtor's dependents, and debtor's spouse, which are not reimbursed by insurance or paid by a health savings account, may be claimed on line 36.

**Line 25A, Local Standards: housing and utilities; non-mortgage expenses**.

- Based on county of residence; see line 16 for resolving multiple residences.
- The following expenses are covered by the Local Standards and may not be counted elsewhere:
  - maintenance and repair;
  - homeowner association dues;
  - condominium fees;
  - gas, electricity, water, heating oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning;
  - basic telephone and cell phone service.

**Line 25B, Local Standards: housing and utilities, mortgage/rent expense**.

- Based on county of residence; see line 16 for resolving multiple residences.
- The following are included in the Local Standard and may not be counted elsewhere, except as provided on lines 47 and 48:
  - principal and interest on mortgage loan;
  - rent;
  - homeowners/renters insurance;
  - local property taxes.
- Line 25B(b) is the same figure as line 47 for house payments.
- Debtor may not "double dip," that is take the full amount of the Local Standard for mortgage/rent on line 25B(a) and then fail to deduct the monthly mortgage payment on line 25B(b). The overall effect of disallowing double-dipping is to allow the debtor to take only the higher of the actual mortgage payment or the Local Standard.
- If the home is being surrendered, the debtor may not include the mortgage payment on lines 47 and 48, and may not deduct the mortgage payment on line 25B(b). The debtor may, however, claim the full amount of the Local Standard for housing on line 25A.
- Debtors and joint debtors are entitled to only one Local Standard mortgage/rent payment, even if maintaining two separate households.
- Vacation homes do not entitle a debtor to the Local Standard on line 25B.
- Debtor may not claim a Local Standard on line 25B when the debtor:
  - is and has been living with a friend or relative for an extended period of time at no cost;
  - is and has been living in military or other employer-paid housing.

**Line 26, Local Standards: housing and utilities; adjustment**.

- This line is often used improperly by debtors to claim housing expenses in excess of the IRS standards; USTP policy is to object to that use of line 26.

Page -4-

- This line is occasionally used by debtors who claim that the form incorrectly captures the separation of the IRS housing Local Standard into two components, a mortgage component and a non-mortgage component; the USTP will object to that use of line 26.

**Line 27A, Local Standards: transportation, vehicle operation/public transportation expense**.

- Based on metro area or region.
- See line 16 to resolve multiple residences.
- The Local Standard for vehicle operation may be taken when the debtor owns, leases, or pays the operating expenses on a vehicle.
- The Local Standard for vehicle operation for zero vehicles may be taken if the debtor does not own, operate, or pay operating expenses on any vehicle.
- A vehicle must be "street ready" and licensable.
- A vehicle designed without an engine does not qualify, e.g., camper or trailer.
- Debtors located outside of the Fifth, Seventh, and Eighth Circuits who operate vehicles not subject to a loan or lease may deduct an additional $200 if the vehicle is owned by the debtor, and is older than six (6) model years or has more than 75,000 miles.

**Line 27B, Local Standards: transportation, additional public transportation expense**.

- If debtor claims vehicle operating expense for one or more vehicles on Line 27A, debtor may only claim additional public transportation expense if reasonable and necessary for the health and welfare of the debtor, debtor's dependents, and debtor's spouse, or for the production of income.
- If additional public transportation expense is applicable, it is capped by Local Standard amount for public transportation.

**Lines 28 & 29, Local Standards: transportation ownership/lease expenses**.

- Outside the Fifth, Seventh, and Eighth circuits, debtor cannot claim the vehicle ownership expense if the debtor does not have a secured loan or a lease on the vehicle.
- In the Fifth, Seventh, and Eighth circuits debtor may claim this expense if the debtor owns a vehicle regardless of whether the debtor has a loan or lease payment. However, if the debtor owns a vehicle free and clear the USTP position is that the lack of any actual ownership expense may be considered in calculating projected disposable income under section 1325(b)(1)(B).
- If the vehicle is being surrendered without replacement, the debtor may not claim the expense. *But see* discussion regarding line 47.
- If the vehicle is borrowed, the debtor may not claim the expense.
- Debtor may not "double dip," that is take the full amount of the vehicle ownership expense on line 28(a) and then fail to deduct the monthly lien payment on line 28(b). The overall effect is to allow the debtor to take the higher of the actual loan or lease payment and vehicle ownership expense.

Page -5-

- A debtor whose household contains a single driver is generally entitled to an ownership expense for only one vehicle.

**Line 30, Other Necessary Expenses: taxes**.

- Based on monthly amount of actual taxes owed, not taxes withheld.
- Includes FICA, Social Security, Medicare, state and local taxes.
- Non-debtor spouse's taxes not included if "backed out" on line 19.

**Line 31, Other Necessary Expenses: involuntary deductions for employment**.

- Includes retirement, union dues, uniform costs, work shoes.
- Does not include voluntary 401(k) contributions, voluntary 401(k) loan repayments, or other voluntary retirement or profit sharing deductions.
- Does not include United Way or charitable contributions.
- Does not include elective insurance.
- But see line 55 for exclusion of retirement payments and loan repayments in chapter 13.

**Line 32, Other Necessary Expenses: life insurance**.

- Includes only amounts for term insurance on the debtor's life.
- If the policy is whole life, debtor must determine what portion of the premium is attributable to term coverage.
- Does not include premiums on policies for non-debtor spouse or children.

**Line 33, Other Necessary Expenses: court-ordered payments**.

- Includes the current monthly amount of support and alimony, not the past due amounts, which are entered on line 49.
- Does not include purely voluntary amounts for which there is no legal obligation.

**Line 34, Other Necessary Expenses: education for employment or for a physically or mentally challenged child**.

- Employment education must be as a condition of employment.
- Expenses for challenged children must be for "health or welfare."
- Expenses for challenged children cannot be otherwise provided by public school system.
- Expenses for challenged children cannot be already included on line 35 or 43.

**Line 35, Other Necessary Expenses: childcare**.

- These are actual expenses only.
- Includes babysitting, nursery school, daycare, preschool.
- Premium daycare may be permitted, depending on the justification.
- May not be permitted if one parent is "stay at home;" depends on the circumstances.

**Line 36, Other Necessary Expenses: health care**.

- Includes only unreimbursed, out-of-pocket expenses, exceeding the National Standard amounts provided for at line 24B, including items traditionally reimbursable through a flexible spending or "cafeteria" medical saving plan. For example:
  - deductibles
  - medications
  - therapy
  - co-pays
- Does not include payments for health insurance or health savings account; those are covered by line 39.
- Does not include elective or cosmetic surgery.
- May not duplicate items on line 39.

**Line 37, Other Necessary Expenses: telecommunication services**.

- Does not include basic phone or cell service, which is included in the Local Standards on line 25A.
- Pagers, call waiting, long distance, caller ID, and internet may be included, depending on amount and circumstance; test is whether "necessary for health and welfare or production of income."
- Does not include business expenses already deducted on line 3b or 4b.

**Line 39, Health Insurance, Disability Insurance, and Health Savings Account Expenses**.

- Includes actual expense for debtor, spouse, and dependents.
- Does not include flexible spending account or "cafeteria" medical saving plan contributions, which should be deducted as excess costs on line 31 to the extend they exceed to line 19B IRS standard amounts.

**Line 40, Continued contributions to the care of household or family members**.

- Includes only actual, not anticipated expenses.
- Family member must live with the debtor or be a member of the debtor's immediate family, i.e., parent, grandparent, sibling, child, grandchild.
- Elderly, chronically ill, or disabled person must be unable to pay the expense.

**Line 41, Protection against family violence**.

- Include only ongoing expenses related to a real threat.
- Legal costs related to a restraining order may qualify.
- Home security system costs will not qualify in all cases.
- Nature of expense, but not the amount, must be kept confidential by the court.

**Line 42, Home energy costs**.

- Insert the amount by which the twelve-month average home energy costs exceed line 25A.
- Amount claimed is unlimited, but must be documented.

**Line 43, Education expenses for dependent children under 18**.

- Includes public or private elementary or secondary education.
- Does not include college or preschool education.
- Child must be under 18 at filing.
- Amount may not exceed $147.92 per child.
- Expenses must be documented.
- Cannot duplicate expenses claimed on line 35.
- Does not include school lunches, which are included in National Standards on line 24.
- Can include home schooling expenses.

**Line 44, Additional food and clothing expense**.

- The USTP Web site breaks out the food/clothing standard for application of the 5 percent limit.
- Expenses must be actual, not merely anticipated.
- Special dietary and allergy restrictions can be covered.
- Documentation is required.

**Line 45, Continued charitable contributions**.

- Contribution is limited to 15 percent of gross income.
- The USTP position is that charitable contributions under section 1325(b)(2)(A)(ii) are available to both below median and above median debtors. The Religious Liberty and Charitable Donation Clarification Act of 2006, Pub. L. 109-439 clarifies the Bankruptcy Code to ensure that above-median debtors may make continued charitable contributions.

**Line 47, Future payments on secured claims**.

- Total all payments coming due in the 60 months following filing and divide by 60.
- In the case of a variable rate loan, use the loan rate in effect on the petition date to

- calculate the payments.
- In the case of a "balloon" payment within 60 months, use the full amount of the balloon to calculate the average payment.
- Does not include property subject to a lease rather than a loan.
- Includes all secured debt, even "toys" and luxury items. Although the USTP position is to allow secured payments for luxury items on this line, the Program believes that luxury expenses may demonstrate a lack of good faith that could prevent confirmation or support dismissal of the case.
- Includes a secured loan payment, even when the value of the collateral is less than the amount of the loan.
- Outside the First Circuit, does not include payments when the debtor intends to surrender the collateral securing the loan either in the plan or independent of the plan.
- In the First Circuit, debtor may include payments on line 47 when the debtor intends to surrender the collateral securing the loan either in the plan or independent of the plan. However, the USTP position is that the lack of a monthly car payment may be considered in calculating projected disposable income under section 1325(b)(1)(B).
- It is the Program's position that the secured payment under the plan is the figure to be included on line 47. This includes "crammed down" plan payments, as well as zero for payments on property on which a lien is to be avoided.

**Line 48, Other payments on secured claims.**

- Does not include arrearage on luxury items; the item must be "necessary for the support of the debtor or dependents."
- See line 47 for a discussion of liens which are crammed down or avoided, or where the collateral is surrendered.

**Line 49, Payments on prepetition priority claims.**

- The total of priority debt includes only amounts due as of filing.
- Does not include figures already listed on line 33.

**Line 50, Chapter 13 administrative expenses.**

- Debtor must project a hypothetical chapter 13 plan payment to calculate the figure on line 50a. The USTP does not insist on mathematical exactitude and allows a reasonable estimation of the hypothetical chapter 13 plan payment.
- The multiplier for line 50b is found on the USTP Web site by state.

**Line 54, Support income.**

- Support income may be deducted here, but must be included on line 7.

**Line 57, Deduction for Special Circumstances.**

- Governed by section 707(b)(2)(B).

**Line 58, Monthly Disposable Income Under § 1325(b)(2).**

- The disposable income determined on line 58 is not the same as the "projected disposal income" of section 1325(b)(2)(B). Historical income is not conclusive; rather, the disposable income projected over the life of the plan should be used.
- The disposable income and the calculations shown on Form 22C are a "starting point" or framework for the calculation of "projected disposable income."
    - The term "projected disposable income" is forward-looking and reality-based, and is not grounded in any artificial or mechanical formulation.
    - Known or reasonably foreseeable changes in financial circumstances as established by any party should be considered.
    - The object is to reach a determination based on the reality of a debtor's capability to repay creditors.
- The type of income allowed under the definition of Current Monthly Income, rather than the income shown on Schedule I, is the framework for projecting the debtor's income over the life of plan.
- The type and amount of expenses allowed under section 707(b)(2), rather than the expenses shown on Schedule J, are the framework for projecting the debtor's expenses over the life of the plan.
- Using chapter 13 to preserve luxury items at the expense of unsecured creditors and acquiring payments on luxury items on the eve of bankruptcy may be evidence that the plan has not been proposed or filed in good faith.
- A chapter 13 trustee need not object to confirmation when "special circumstances" of section 707(b)(2)(B) justify additional expenses or adjustments to current monthly income for which there is no reasonable alternative.

Rev'd April 20, 2010